UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A.M.P., *et al.*, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

           Case No. 2:23-cv-13230

v.

           Hon. Brandy R. McMillion
U.S. DEPARTMENT OF    United States District Judge
HOMELAND SECUIRTY, *et al.*,

       Defendants.

_____/

### OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 30)

Before the Court is Plaintiffs' A.M.P., G.V.S., C.M.G., A.A., B.M.R., K.H.A., A.C.C. on behalf of his minor son, S.C.L., and J.N.C. (collectively, "Plaintiffs") timely Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 30. The Motion alleges that this Court erred in concluding their claims were not redressable because Plaintiffs lacked standing to bring this action. For the reasons stated below, the Motion is **GRANTED**.

The decision of whether to grant a motion to alter or amend the judgment under Fed. R. Civ. P. 59 is within the sound discretion of the Court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). Such a motion will

1

generally be granted if the Court determines it previously made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008) (additional quotation omitted)). Rule 59(e) motions are not designed to give unhappy litigants an opportunity to relitigate matters already decided, nor is it a substitute for an appeal. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Here, Plaintiffs move to alter or amend the Court's judgment based on a clear error of law in applying *Patel v. USCIS*, 732 F.3d 633 (6th Cir. 2013) and *Barrios Garcia v. DHS*, 25 F.4th 430 (6th Cir. 2022) when analyzing whether Plaintiffs have standing. *See* ECF No. 30, PageID.310. In the Opinion and Order Granting the Motion to Dismiss, this Court held that Plaintiffs lacked standing to sue because the Court did not have the power to compel Defendants to issue work authorizations and therefore their alleged injury was not redressable. ECF No. 28, PageID.304. The Court finds no clear error of law in so holding. However, Plaintiffs argue that their Complaint was not requesting that the Court compel Defendants to issue work

authorizations, but instead the requested relief was that the Court compel Defendants to take the pre-requisite step of making a bona fide determination ("BFD") for their work authorizations to be processed. *See* ECF No. 30, PageID.309.

The U-VISA application is a two-step process. *See* ECF No. 15, PageID.92. Processing the work authorization request is a part of the second step – and is in the sole discretion of USCIS. *See Barrios Garcia*, 25 F.4th at 444. As a result, the Court cannot compel the USCIS to process those requests. *See id.* at 455. While true, Plaintiffs argue that they are seeking relief at the first step—making the bona fide determination. *See* ECF No. 30, PageID.309. And even though USCIS has the "discretion to set forth, abide by, and eliminate the BFD process," compelling the USCIS to adjudicate a BFD is within the Court's power if an unreasonable delay has occurred. *See Barrios Garcia*, 25 F.4th at 441, 455. That said, the Court agrees with the Plaintiffs' contention that the Court can rule on the unreasonable delay in issuing a BFD. And issuing such a ruling would redress their alleged injuries. This is factually distinct from how the Court analyzed the motion to dismiss. Consequently, to prevent manifest injustice, the Court finds that Plaintiffs do have standing to request a decision with respect to the issuance of a BFD.

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Alter or Amend Judgment (ECF No. 30).

**IT IS HEREBY ORDERED** that the Court's Order Granting Defendants' Motion to Dismiss (ECF No. 28) is **STRICKEN** and Defendants' Motion to Dismiss (ECF No. 23) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is to **SET ASIDE** the corresponding Judgment (ECF No. 29) and reopen and reinstate this case to the Court's active docket.

**IT IS FURTHER ORDERED** that Defendants shall file an Answer to Plaintiffs' Complaint on or before January 23, 2025.

**IT IS SO ORDERED.**

Dated: January 2, 2025  
    Detroit, Michigan

s/Brandy R. McMillion  
BRANDY R. MCMILLION  
United States District Judge