## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| A.M.P., et al., on behalf of themselves and all others similarly situated, | ) ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Case No.: 2:23-cv-13230-BRM-EAS |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants, U.S. Department of Homeland Security, Benjamine C. Huffman, Acting Secretary, and U.S. Citizenship and Immigration Services ("USCIS"), Jennifer B. Higgins[1], Acting Director, now answer Plaintiffs' First Amended Complaint (ECF No. 15). The numbered paragraphs and headings of this Answer correspond to the numbered paragraphs and headings of the First Amended Complaint. Any allegation that Defendants do not specifically admit is denied.

---

[1] The current Acting Secretary Benjamine C. Huffman is automatically substituted as a defendant in place of the former Secretary Alejandro Mayorkas, and the current Acting Director Jennifer B. Higgins is automatically substituted as a defendant in place of the former Director Ur Mendoza Jaddou. See Fed. R. Civ. P. 25(d).

# INTRODUCTION

1. This paragraph contains Plaintiffs' characterizations of their claims, and characterizations of the U visa program, to which no response is required.

2. This paragraph contains Plaintiffs' legal conclusions and characterizations of the U visa program, to which no response is required.

3. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of the Interim Rule, New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, published on October 17, 2007 (72 Fed. Reg. 53,014), which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the Interim Rule.

4. This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required. To the extent that a response is required, deny.

5. This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required. To the extent that a response is required, deny.

6.  This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required.  To the extent that a response is required, deny.

7.  This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required.  To the extent a response is required, admit as to the first sentence, but deny as to the second sentence for lack of sufficient information to admit or deny the allegations, and deny as to the third sentence.

8.  This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required.

## JURISDICTION AND VENUE

9.  This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

10. This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

11. This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

12. This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

## PARTIES

13. This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

14. Defendants lack sufficient information on which to admit or deny the allegations in the first sentence.  Admit as to the second sentence.

15. Defendants lack sufficient information on which to admit or deny the allegations in the first sentence.  Admit as to the second sentence.

16. Defendants lack sufficient information on which to admit or deny the allegations in the first sentence.  Admit as to the second sentence.

17. Defendants lack sufficient information on which to admit or deny the allegations in the first sentence.  Admit as to the second sentence.

18. Defendants lack sufficient information on which to admit or deny the allegations in the first sentence.  Admit as to the second sentence.

19. Defendants lack sufficient information on which to admit or deny the allegations in the first sentence.  Admit as to the second sentence.

20. Defendants lack sufficient information on which to admit or deny the allegations in the first sentence.  Admit as to the second sentence.

21. Defendants lack sufficient information on which to admit or deny the allegations in the first sentence.  Admit as to the second sentence.

22. Defendants lack sufficient information on which to admit or deny the allegations in the first sentence.  Admit as to the second sentence.

23. This paragraph contains Plaintiffs' characterization of the mission of Department of Homeland Security, available at: https://www.dhs.gov/about-dhs, which speaks for itself, is the best evidence of its contents, and does not require a response.

24. Deny.  The current Acting Secretary Benjamine C. Huffman is automatically substituted as a defendant in place of the former Secretary Alejandro Mayorkas.

25. Admit.

26. Deny.   The current Acting Director Jennifer B. Higgins is automatically substituted as a defendant in place of the former Director Ur Mendoza Jaddou.

## BACKGROUND

27. This paragraph constitutes a characterization of the Violence Against Women Act of 2000, a law which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the statute and Defendants admit that Plaintiffs have quoted a portion of the Victims of Trafficking & Violence Protection Act of 2000, codified at 8 U.S.C. § 1101 (note).

5

28. This paragraph constitutes a characterization of the Violence Against Women Act of 2000, a law which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the statute and Defendants admit that Plaintiffs have quoted a portion of the Victims of Trafficking & Violence Protection Act of 2000, codified at 8 U.S.C. § 1101 (note).

29. This paragraph constitutes a characterization of 8 U.S.C. § 1184(p)(2)(A)-(B) and 8 U.S.C. § 1101(a)(15)(U)(iii), statutes that speak for themselves, are the best evidence of their contents, and do not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the statutes, and Defendants admit that Plaintiffs have quoted a portion of 8 U.S.C. § 1101(a)(15)(U)(iii).

30. This paragraph constitutes a characterization of 8 U.S.C. § 1101(a)(15)(U)(i)-(ii), a statute that speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the statute, and Defendants admit that Plaintiffs have quoted a portion of 8 U.S.C. § 1101(a)(15)(U)(i)-(ii).

31. This paragraph constitutes a characterization of 8 U.S.C. § 1184(p)(1), a statute that speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the statute, and Defendants admit that Plaintiffs have quoted a portion of 8 U.S.C. § 1184(p)(1).

32. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of 8 U.S.C. § 1182(d)(14), a statute that speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the statute, and Defendants admit that Plaintiffs have quoted a portion of 8 U.S.C. § 1182(d)(14).

33. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of the Victims of Trafficking & Violence Protection Act of 2000, Pub. L. No. 106-386 (October 28, 2000), a law that speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the statute and Defendants admit that Plaintiffs have quoted, with emphasis added, a

portion of the Victims of Trafficking & Violence Protection Act of 2000,

codified at 8 U.S.C. § 1101 (note).

34. This paragraph contains Plaintiffs' legal conclusions, to which no response

is required, and Plaintiffs' characterization of 8 U.S.C. § 1184(p)(6),

8 U.S.C. § 1184(p)(3), and 8 U.S.C. § 1255(m)(1), statutes that speak for

themselves, are the best evidence of their contents, and do not require a

response; to the extent that a response is required, Defendants deny any

allegations or characterizations inconsistent with the text of the statutes, and

Defendants admit that Plaintiffs have quoted a portion of 8 U.S.C.

§ 1255(m)(1).

35. This paragraph contains Plaintiffs' legal conclusions, to which no response

is required, and Plaintiffs' characterization of the contents of the Victims of

Trafficking and Violence Prevention Act of 2000 (VTVPA) Policy

Memorandum #2 – "T" and "U" Nonimmigrant Visas, from Michael D.

Cronin, issued August 30, 2001, which speaks for itself, is the best evidence

of its contents, and does not require a response; to the extent that a response

is required, Defendants deny any allegations or characterizations

inconsistent with the memorandum, and Defendants admit that Plaintiffs

have quoted a portion of the memorandum.

36. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of the contents of the Victims of Trafficking and Violence Prevention Act of 2000 (VTVPA) Policy Memorandum #2 – "T" and "U" Nonimmigrant Visas, from Michael D. Cronin, issued August 30, 2001, which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the memorandum, and Defendants admit that Plaintiffs have quoted a portion of the memorandum.

37. Admit as to the first sentence. As to the second and third sentences, deny.

38. This paragraph contains Plaintiffs' characterization of the Interim Rule, New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, published on October 17, 2007 (72 Fed. Reg. 53,014), which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the Interim Rule, and Defendants admit that Plaintiffs have quoted a portion of the rule.

39. This paragraph contains Plaintiffs' characterization of the Interim Rule, New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, published on October 17, 2007 (72 Fed. Reg. 53,014),

which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the Interim Rule, and Defendants admit that Plaintiffs have quoted a portion of the rule.

40. This paragraph contains Plaintiffs' characterization of the Interim Rule, New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, published on October 17, 2007 (72 Fed. Reg. 53,014), which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the Interim Rule, and Defendants admit that Plaintiffs have quoted a portion of the rule.

41. This paragraph contains Plaintiffs' characterization of USCIS's waiting list process, available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-6, which speaks for itself, is the best evidence of its contents, and does not require a response.

42. This paragraph constitutes a characterization of 8 C.F.R. § 214.14(d)(2) and 8 C.F.R. § 274a.12(c)(11) & (14), regulations which speak for themselves, are the best evidence of their contents, and do not require a response; to the extent that a response is required, Defendants admit that Plaintiffs have quoted a portion of the contents of 8 C.F.R. § 214.14(d)(2).

43. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of 8 C.F.R. § 214.14(d)(2), a regulation that speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the regulation, and Defendants admit that Plaintiffs have quoted, with emphasis, a portion of 8 C.F.R. § 214.14(d)(2).

44. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of USCIS's response to the Ombudsman's 2012 Annual Report to Congress, available at https://www.uscis.gov/sites/default/files/document/legal-docs/USCIS%20Response%20to%20Ombudsman%202012%20Annual%20Report.pdf, which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the response to the Ombudsman's report.

45. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of the contents of USCIS's Form I-918 statistics report for Fiscal Years 2009-2023 (Quarter 3), available at https://www.uscis.gov/sites/default/files/document/data/i918u_visastatistics_

fy2023_qtr3.pdf, which speaks for itself, is the best evidence of its contents, and does not require a response.

46. This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required.  To the extent a response is required, deny.

47. This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required, and Plaintiffs' characterization of the contents of USCIS's April 2020 Report on U Visa Filing Trends, available at https://www.uscis.gov/sites/default/files/document/reports/Mini_U_Report-Filing_Trends_508.pdf, a report which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the report.

48. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of the contents of USCIS's Form I-918 statistics report for Fiscal Years 2009-2023 (Quarter 3), available at https://www.uscis.gov/sites/default/files/document/data/i918u_visastatistics_fy2023_qtr3.pdf, and Plaintiffs' characterization of USCIS's Historical National Median Processing Time for Form I-918 in Fiscal Year 2015, available at https://egov.uscis.gov/processing-times/historic-pt-2, statistics which speak for themselves, are the best evidence of their contents, and do

not require a response; to the extent that a response is required, Defendants

deny any allegations or characterizations inconsistent with the statistics in

the reports.

49. This paragraph contains Plaintiffs' characterization of USCIS's July 2016 –

Work Share Plan on Form I-918, available at

https://www.uscis.gov/humanitarian/victims-of-human-trafficking-and-

other-crimes/victims-of-criminal-activity-u-nonimmigrant-status/u-

nonimmigrant-status-program-updates, which speaks for itself, is the best

evidence of its contents, and does not require a response.

50. This paragraph contains Plaintiffs' legal conclusions, to which no response

is required, and Plaintiffs' characterization of the contents of USCIS's Form

I-918 statistics report for Fiscal Years 2009-2023, available at

https://www.uscis.gov/sites/default/files/document/data/i918u_visastatistics_

fy2023_qtr3.pdf, and Plaintiffs' characterization of USCIS's Historical

National Median Processing Time for Form I-918 in Fiscal Year 2020,

available at https://egov.uscis.gov/processing-times/historic-pt, statistics

which speak for themselves, are the best evidence of their contents, and do

not require a response; to the extent that a response is required, Defendants

deny any allegations or characterizations inconsistent with the statistics in

the reports.

51. This paragraph constitutes a characterization of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, a law which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the statute and Defendants admit that Plaintiffs have quoted a portion of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, codified at 8 U.S.C. § 1184(p)(6).

52. This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

53. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of USCIS's BFD Policy, available at: https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, and Plaintiffs' characterization of 8 U.S.C. § 1184(p)(6), which speak for themselves, are the best evidence of their contents, and do not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with Policy Manual's guidance on BFDs and the text of 8 U.S.C. § 1184(p)(6).

54. This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

55. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of USCIS's Historical National Median Processing Time for Form I-918, available at https://egov.uscis.gov/processing-times/historic-pt, and Plaintiffs' characterization of 8 U.S.C. § 1184(p)(6), which speak for themselves, are the best evidence of their contents, and do not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the reported Median Processing times and 8 U.S.C. § 1184(p)(6).

56. This paragraph contains Plaintiffs' characterization of USCIS's BFD policy, available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, which speaks for itself, is the best evidence of its contents, and does not require a response.

57. This paragraph contains Plaintiffs' characterization of USCIS's BFD policy, available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, and Plaintiffs' characterization of 8 C.F.R. § 214.14(c)(2)(iii), which speak for themselves, are the best evidence of their contents, and do not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with Policy Manual's

guidance on BFDs and the text of the regulation, and Defendants admit that Plaintiffs have quoted a portion of the USCIS Policy Manual.

58. This paragraph contains Plaintiffs' characterization of USCIS's BFD policy, available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, which speaks for itself, is the best evidence of its contents, and does not require a response.

59. This paragraph contains Plaintiffs' characterization of USCIS's BFD policy, available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, which speaks for itself, is the best evidence of its contents, and does not require a response.

60. This paragraph contains Plaintiffs' characterization of USCIS's BFD policy, available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with Policy Manual's guidance on BFDs and Defendants admit that Plaintiffs have quoted a portion of the USCIS Policy Manual.

61. This paragraph contains Plaintiffs' characterization of USCIS's BFD policy, available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, and Plaintiffs' characterization of USCIS's waiting list process, available

16

at: https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-6, which speak for themselves, are the best evidence of their contents, and do not require a response.

62. This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

63. This paragraph contains Plaintiffs' characterization of USCIS's June 14, 2021 Policy Update on BFDs, available at:

https://www.uscis.gov/archive/uscis-issues-policy-providing-further-protections-for-victims-of-crime, which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the policy update and Defendants admit that Plaintiffs have quoted a portion of the policy update.

64. This paragraph contains Plaintiffs' characterization of USCIS's BFD policy, available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, which speaks for itself, is the best evidence of its contents, and does not require a response.

65. This paragraph contains Plaintiffs' characterization of USCIS's BFD policy, available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-

5, which speaks for itself, is the best evidence of its contents, and does not require a response.

66. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of USCIS's BFD Policy, available at: https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, which speaks for itself, is the best evidence of its contents, and does not require a response.

67. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of USCIS's BFD Policy, available at: https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, which speaks for itself, is the best evidence of its contents, and does not require a response.

68. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of USCIS's BFD policy, available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, Appendix: Bona Fide Determination Process and Administrative Procedure Act Considerations, which speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations

inconsistent with Policy Manual's guidance on BFDs and Appendix and Defendants admit that Plaintiffs have quoted a portion of the Appendix.

69. Deny.

70. Deny.

71. Admit.

72. Deny.

73. Admit as to the first sentence.  The second sentence contains Plaintiffs' characterization of USCIS's Overview of the HART Service Center, available at: https://www.uscis.gov/sites/default/files/document/outreach-engagements/NationalEngagement-OverviewoftheHARTServiceCenter.pdf, which speaks for itself, is the best evidence of its contents, and does not require a response.

74. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of USCIS's Historical National Median Processing Time for Form I-918, available at https://egov.uscis.gov/processing-times/historic-pt, statistics which speak for themselves, are the best evidence of their contents, and do not require a response; to the extent that a response is required, Defendants deny as to the first sentence, and deny any allegations or characterizations inconsistent with reported median processing times. Plaintiffs erroneously cite to

"USCIS, I-918 Petitions" a report consisting of Form I-918 Petitions for U

Nonimmigrant Status By Fiscal Year, Quarter, and Case Status.

75. This paragraph contains Plaintiffs' legal conclusions, to which no response

is required. To the extent that a response is required, Defendants deny any

allegations or characterizations inconsistent with USCIS's most current

Form I-918 statistics report for Fiscal Years 2009-2024 (Quarter 4),

available at:

https://www.uscis.gov/sites/default/files/document/data/i918u_visastatistics_

fy2024_q4.xlsx. Defendants aver that petitions have increased since 2021,

totaling 30,120 petitions in FY 2022, 31,204 petitions in FY 2023, and

reaching 41,558 petitions received in FY 2024.

76. This paragraph contains Plaintiffs' characterizations and legal conclusions,

to which no response is required. To the extent a response is required, deny.

77. This paragraph contains Plaintiffs' characterizations and legal conclusions,

to which no response is required.

78. This paragraph contains Plaintiffs' legal conclusions, to which no response

is required.

79. This paragraph contains Plaintiffs' characterizations and legal conclusions,

to which no response is required.

80. This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required.

81. This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

**Plaintiff A.M.P.**

82. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

83. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

84. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

85. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

86. Deny.

87. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

88. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

**Plaintiff G.V.S.**

89. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

90. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

91. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

92. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

93. Deny. Defendants aver that G.V.S. is ineligible for a BFD and her petition is under review for waiting list eligibility. USCIS has issued a Request for Evidence ("RFE") regarding her I-918 petition.

94. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

95. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

96. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

97. This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required.

**Plaintiff C.M.G.**

98. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

99. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

100. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

101. Deny.

102. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

103. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

**Plaintiff Felipe Emmanuel Dzib Cohuo**

104. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

105. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

106. Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

107. Deny.

108.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

109.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

**Plaintiff A.A.**

110.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

111.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

112.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

113.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

114.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

115.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

116.     Deny.

117.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

118.    Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

119.    Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

**Plaintiff B.M.R.**

120.    Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

121.    Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

122.    Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

123.    Deny.

124.    Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

125.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

126.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

**Plaintiff K.H.A.**

127.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

128.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

129.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

130.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

131.     Deny.

132.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

133.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

134.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

**Plaintiff A.C.C. on behalf of S.C.L.**

135.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

136.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

137.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

138.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

139.     Deny.

140.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

141.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

142.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

143.     Admit as to the first sentence.  The second and third sentences contain Plaintiffs' legal conclusions, to which no response is required.

**Plaintiff J.N.C.**

144.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

145.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

146.     Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

147.    Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

148.    Deny.

149.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

150.    Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

151.    Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

152.    Defendant lacks sufficient information on which to admit or deny the allegation in this paragraph.

153.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

154.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

155.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

156.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

157.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with USCIS's Form I-918 Processing Priorities available at: https://www.uscis.gov/I-918.

158.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

159.    This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required.

160.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

161.    This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required.

162.    This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required. To the extent a response is required, deny.

163.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

164.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

165.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

166.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required, except that Defendants admit that Plaintiffs have quoted a portion of the Congressional Record, which speaks for itself, is the best evidence of its contents, and does not require a response.

167.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of the Victims of Trafficking & Violence Protection Act of 2000, a law that speaks for itself, is the best evidence of its contents, and does not require a response; to the extent that a response is required, Defendants deny any allegations or characterizations inconsistent with the text of the statute and Defendants admit that Plaintiffs have quoted, with emphasis added, a portion of the Victims of Trafficking & Violence Protection Act of 2000, codified at 8 U.S.C. § 1101 (note).

168.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

169.    This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, deny.

30

170.     This paragraph contains Plaintiffs' characterizations and legal conclusions, to which no response is required.

171.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

172.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

173.     This paragraph contains Plaintiffs' characterizations, to which no response is required.

174.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

175.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

176.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

## CLASS ACTION ALLEGATIONS

177.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

178.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

179.    This paragraph contains Plaintiffs' legal conclusions, to which no

response is required, and Plaintiffs' characterization of the contents of

USCIS's Form I-918 report for Fiscal Years 2009-2023 (Quarter 3),

available at

https://www.uscis.gov/sites/default/files/document/data/i918u_visastatistics_

fy2023_qtr3.pdf, and Plaintiffs' characterization of USCIS's Form I-918

report for Fiscal Years 2009-2023 (Quarter 4), available at

https://www.uscis.gov/sites/default/files/document/data/i918u_visastatistics_

fy2023_q4.pdf, reports which speak for themselves, are the best evidence of

their contents, and do not require a response; to the extent that a response is

required, Defendants deny any allegations or characterizations inconsistent

with the reports.

180.    This paragraph contains Plaintiffs' legal conclusions, to which no

response is required.

181.    This paragraph contains Plaintiffs' legal conclusions, to which no

response is required.  To the extent a response is required, deny.

182.    This paragraph contains Plaintiffs' legal conclusions, to which no

response is required.

183.    This paragraph contains Plaintiffs' legal conclusions, to which no

response is required.  To the extent a response is required, deny.

184.     Defendants reassert all responses above as though restated here.

185.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

186.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

187.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

188.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

189.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

190.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

191.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

192.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, deny.

**PRAYER FOR RELIEF**

This paragraph consists of Plaintiffs' prayer for relief to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs

are entitled to any of the relief Plaintiffs seek in the First Amended Complaint, and
deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1. None of the challenged agency conduct was in violation of any federal law
   or the United States Constitution.

2. Plaintiffs are not entitled to relief, attorney's fees, or court costs.

Although Defendants do not have specific facts in support of additional
affirmative defenses, Defendants reserve the right to raise any of the affirmative
defenses set forth in the Federal Rules of Civil Procedure, should subsequent facts
support those defenses and as they become known.  Defendants further reserve the
right to prepare and plead any and all defenses that may become applicable during
the course of this litigation.

DATED: January 23, 2025   Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
United States Department of Justice
Civil Division

SAMUEL P. GO
Assistant Director
Office of Immigration Litigation
General Litigation and Appeals Section

*/s/ Stephanie E. Gibbs*
STEPHANIE E. GIBBS
Trial Attorney
MALCOLM MCDERMOND
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868
Washington, DC 20044
Telephone: (202) 880-0340
E-mail: stephanie.e.gibbs@usdoj.gov

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system, which will automatically send e-mail

notifications of such filing to the following opposing counsel of record:

Kurt Mathas (IL 6286812)
Elizabeth Deshaies (IL 6318238)
Savannah Murin (IL 6339430)
Greer Harrison (IL 6345805)
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
KMathas@winston.com
LDeshaies@winston.com
SMurin@winston.com
GHarrison@winston.com

Mark Fleming (NY 4487534)
Richard Caldarone (VA 76565)
Jess Hunter-Bowman (IN 34647-71)
**National Immigrant Justice Center**
111 W. Jackson, Suite 800
Chicago, IL 60604
(312) 660-1628
mfleming@immigrantjustice.org
rcaldarone@immigrantjustice.org
jbowman@immigrantjustice.org

Meredith Luneack (MI P84886)
**Michigan Immigrant Rights Center**
15 South Washington Street, Suite 201
Ypsilanti, MI 48197
(734) 239-6863
mluneack@michiganimmigrant.org

DATED: January 23, 2025                    Respectfully submitted,

                                           */s/ Malcolm McDermond*
                                           Trial Attorney
                                           U.S. Department of Justice